UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANDREW HOANG DO,<br><br>　　　　Defendant. | Case No. 8:24-CR-00126-JVS-1<br><br>**PRELIMINARY ORDER OF FORFEITURE PURSUANT TO FED. R. CRIM. P. 32.2 AGAINST DEFENDANT ANDREW HOANG DO [29]** |

　　Upon consideration of the application of Plaintiff, United States of America, for a preliminary order of forfeiture pursuant to the October 31, 2024, guilty plea to the single-count information entered by defendant Andrew Hoang Do ("defendant") and, good cause appearing thereon, IT IS HEREBY ORDERED:

### I.　　FORFEITABLE PROPERTY

　　For the reasons set out below, any right, title and interest of defendant in the following described property (hereinafter, the "Forfeitable Property") is hereby forfeited to the United States. The Court finds that the government has established the requisite nexus between the Forfeitable Property and the relevant offenses described in the Information, which charges defendant with Conspiracy

to Commit Bribery Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 371. The Forfeitable Property is more particularly described as:

    i.    $1,702,630.86 in Funds from JP Morgan Chase Bank Account Number '5796 held in the name of Viet America Society;

    ii.    $724,749.10 in Funds from JP Morgan Chase Bank Account Number '5136 held in the name of Aloha Financial Investment, Inc.;

    iii.    The real property located at 14732 Candeda Place, Tustin, California 92780, with Assessor's Parcel Number 401-481-18; and

    iv.    The real property located at 2410 W. 17th Street, Santa Ana, California 92706, with Assessor Parcel Number 198-133-05.

## II.  IMPLEMENTATION

IT IS FURTHER ORDERED AS FOLLOWS:

A.   Upon the entry of this Order, and pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853, the United States Attorney General (or a designee) is authorized, to the extent it has not already done so, to seize the Forfeitable Property.

B.   Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of the Forfeitable Property subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C. Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property.  The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

1) Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government shall forthwith publish for at least thirty (30) consecutive days on an official government website notice of this order and any other Order affecting the Forfeitable Property, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier.  The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

2) Any person other than defendant asserting a legal interest in the Forfeitable Property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

3

3) Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(3).

4) The United States shall have clear title to the Forfeitable Property following the Court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

D. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to defendant upon entry by the Court and shall be made part of his sentence and included in his judgment.

E. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

April 14, 2025
DATE

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

4